UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JEROME EUGENE VANN,

        Plaintiff,

v.

MICHELE SMITH, Warden, JOHN DOES,
MARY PEREZ, REGINA STEPNEY,
MARY McCOMBS, KIM EBELING,
TERRY JEAN CARLSON, and TOM ROY,

        Defendants.

Civil No. 13-1316 (SRN/JSM)

**REPORT AND RECOMMENDATION**

Plaintiff, a Minnesota state prison inmate, commenced this action by filing a complaint seeking relief under 42 U.S.C. § 1983 for alleged violations of his federal constitutional rights. (Docket No. 1.) Plaintiff did not pay any filing fee when he filed his complaint, but he instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) By order dated June 5, 2013, (Docket No. 3), plaintiff was advised that his IFP application would not be addressed, and his case would not go forward, until after he paid an initial partial filing fee of at least $39.05, as required by 28 U.S.C. § 1915(b)(1).

Plaintiff has paid his initial partial filing fee, (the Clerk's docket sheet shows that he actually paid $39.50, [Docket No. 4]), so his complaint is now ripe for initial screening pursuant to 28 U.S.C. § 1915A. The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that plaintiff's complaint fails to state a cause of action on which relief can be granted. The Court will therefore recommend that this action be summarily dismissed pursuant to 28 U.S.C. § 1915A(b).

## I. BACKGROUND

Plaintiff is an inmate at the Minnesota Correctional Facility in Stillwater, Minnesota, ("MCF-STW"). He is serving a 180-month prison sentence that was imposed by the state district court for Ramsey County, Minnesota, after a jury found plaintiff guilty of criminal sexual conduct for sexually assaulting his adult daughter. See State v. Vann, No. A08-1000, (Minn.App. 2009), 2009 WL 2431978 (unpublished opinion), rev. denied, Oct. 28, 2009. Plaintiff's conviction was affirmed on direct appeal, but the Minnesota Court of Appeals remanded the case for re-sentencing. Id.

On remand, the trial court imposed the same 180-month sentence that had been originally imposed. Plaintiff then filed a second appeal, and the Minnesota Court of Appeals affirmed the new sentence. State v. Vann, No. A09-1964 (Minn.App. 2010), 2010 WL 3306898 (unpublished opinion), rev. denied, Nov. 16, 2010, [hereafter "Vann II"]. After the Court of Appeals affirmed plaintiff's new sentence, his attorney filed a petition for further review in the Minnesota Supreme Court. The petition for review was denied on November 16, 2010. Id.

In plaintiff's present Complaint, he alleges that after the Minnesota Court of Appeals affirmed his new sentence in Vann II, he tried to file a pro se supplemental petition for review in the Minnesota Supreme Court. Plaintiff apparently gave his pro se supplemental petition to someone affiliated with the prisoner mail system at MCF-STW, where plaintiff was confined when Vann II was handed down. According to the Complaint, plaintiff tried to send his pro se supplemental petition to his appellate counsel in early September 2010, and he apparently just assumed that his attorney filed his submission with the Minnesota Supreme Court.

In June 2011, plaintiff allegedly received notice that he was being charged $1.22 for sending a piece of mail to his attorney. That notice caused plaintiff to believe that his pro se supplemental petition for review had only recently been sent to his attorney. Thereafter, plaintiff pursued a series of administrative grievances, seeking an explanation for the postage charge that he received in June 2011. In those grievances, plaintiff accused unnamed prison officials of failing to promptly mail his pro se petition for review to his attorney.[1] Plaintiff sought to have his petition mailed in September 2010, but he contends that it was not actually mailed until June 2011 – long after the Minnesota Supreme Court had denied the petition for review filed by his attorney.[2]

Plaintiff is now attempting to sue seven employees of the Minnesota Department of Corrections ("MNDOC"): (1) Michelle Smith, the Warden at MCF-STW; (2) Mary McCombs, an associate warden; (3) Mary Perez, a mailroom supervisor; (4) Regina

---

[1] Copies of Plaintiff's administrative grievances are attached to his Complaint.

[2] One of the exhibits submitted with plaintiff's Complaint appears to contradict his contention that his pro se supplemental petition for review was not mailed to his attorney until approximately eight months after he tried to mail it. Plaintiff has submitted a copy of a letter from his attorney, (Complaint, p. 18, "Exhibit # 5"), which is dated June 17, 2011. That letter states: "In this mailing, I have enclosed the documents, which were post-marked September 13, 2010, and contained a letter to Mr. Russett, [one of Plaintiff's attorneys] and your petition for review." (Emphasis added.) Thus, the letter seems to indicate that plaintiff's pro se supplemental petition for review was, in fact, mailed ("post-marked") to his attorney in early September 2010 – just as plaintiff had requested. This letter from plaintiff's attorney may disprove the elemental premise of plaintiff's current lawsuit – i.e., that his pro se supplemental petition for review was not promptly mailed to his attorney.

Furthermore, plaintiff's Complaint includes a copy of a document identified as an "Outgoing Legal Mail Report," (apparently prepared by MCF-STW), which clearly shows that something was mailed to "Asst State Pub Def" on September 13, 2010. (Complaint, p. 13 [attachment].) This document appears to confirm the information provided by plaintiff's attorney – i.e., that plaintiff's pro se supplemental petition for review was, in fact, mailed to his attorney on September 13, 2010.

3

Stepney, a program director; (5) Kim Eberling, a grievance coordinator; (6) Jean Terry Carlson, an "appeal response person;" and (7) Tom Roy, the Commissioner of Corrections. (Complaint, pp. 4-5.)[3] These defendants allegedly violated the federal Constitution, by depriving plaintiff of his constitutional right of access to the courts. Plaintiff claims that he "suffered actual injury," because his pro se supplemental petition for review was not mailed to his attorney in a timely manner, and thus he did not have his "case heard" by the Minnesota Supreme Court. (Id., p. 7.) Plaintiff is seeking a judgment against defendants for $500,000.00. (Id., p. 11.) He also is seeking a judgment that would "fire the staff responsible for this unlawful act," as well as Warden Michelle Smith. (Id.)

## II.   DISCUSSION

Because plaintiff is a prisoner who is seeking redress from government employees, his pleading is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading fails to state a legally cognizable claim, the action must be dismissed. 28 U.S.C. § 1915A(b)(1).

---

[3] These are the only defendants listed in the "Parties" section of plaintiff's Complaint. (Complaint, pp. 4-5.) The caption of the Complaint includes an unexplained reference to "John Doe's" [sic], but there are no allegations in the complaint itself that describe any "John Doe," or attribute any act or omission to any "John Doe." Therefore, plaintiff's Complaint plainly fails to state any actionable claim for relief against any "John Doe."

4

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, plaintiff is attempting to sue the named defendants under 42 U.S.C. § 1983 for allegedly violating his constitutional right of access to the courts. However, the allegations in plaintiff's Complaint do not support any such claim against any of named defendants. The Court reaches this conclusion for three reasons.

### A. No Allegations Showing that Defendants Interfered with Plaintiff's Legal Mail

The Court recognizes that "mail to or from an inmate's attorney and identified as such" is considered to be "privileged mail," Jensen v. Klecker, 648 F.2d 1179, 1182 (8th Cir. 1981), and "[a] prison policy that obstructs privileged inmate mail can violate inmates' right of access to the courts," Weiler v. Purkett, 137 F.3d 1047, 1051 (8th Cir. 1998). Based on

5

these Eighth Circuit rulings, the Court assumes that a prison official who has deliberately interfered with a prisoner's correspondence to or from his attorney could – under certain circumstances – be sued for violating the prisoner's constitutional right of access to the courts. See Brewer v. Wilkinson, 3 F.3d 816, 820 (5th Cir. 1993) ("[a] prison official's interference with a prisoner's legal mail may violate the prisoner's constitutional right of access to the courts"); cf., Simkins v. Bruce, 406 F.3d 1239, 1242 (10th Cir. 2005) ("when access to courts is impeded by mere negligence, as when legal mail is inadvertently lost or misdirected, no constitutional violation occurs").

Here, however, there are no allegations in the Complaint which suggest that any of the seven named defendants deliberately interfered with any of plaintiff's correspondence to his attorney. There are no allegations suggesting that plaintiff ever gave any correspondence to any of the named defendants, or asked any of them to mail anything for him. Indeed, there are no allegations suggesting that any of the defendants even knew that plaintiff attempted to correspond with his attorney. Furthermore, there are no allegations suggesting that any named defendant established any policy, or implemented any practice, that prevented plaintiff from corresponding with his attorney. Instead, plaintiff alleges only that defendants did not properly respond to his after-the-fact grievances about the alleged correspondence at issue – i.e., the pro se supplemental petition for review that plaintiff allegedly attempted to mail to his attorneys. (See Complaint, pp. 6-10, "Statement of Claim," ¶s IV-B, IV-C, IV-E, IV-F, IV-G, IV-H, IV-I, and IV-J.)

Simply put, there are no allegations in the Complaint, which if proven true, would establish that any named defendant personally did anything (or failed to do anything) that deprived plaintiff of his constitutional right of access to the courts. Plaintiff has alleged only

that defendants failed to give him an acceptable explanation about what might have happened to the correspondence that he allegedly attempted to send to his attorney in September 2010. However, even if that were true – i.e., even if defendants did not adequately explain what happened to plaintiff's mail – plaintiff's Complaint still would not state an actionable § 1983 claim, because the Constitution does not require prison officials to furnish <u>any</u> response to prisoner grievances. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (prisoner's "complaint failed to state a claim because no constitutional right was violated by the defendants' failure, if any, to process all of the grievances he submitted for consideration").

Again, plaintiff does <u>not</u> allege that any of the defendants personally interfered with his efforts to correspond with his attorney; he alleges only that defendants did not adequately explain what happened to the <u>pro se</u> supplemental brief that he sought to mail to his attorney in September 2010. However, defendants had no constitutional duty to furnish any such explanation to plaintiff. Therefore, plaintiff has failed to plead an actionable § 1983 claim against defendants.

### B. No Showing of Actual Injury

To maintain an actionable "access to the courts" claim, a prisoner-plaintiff must show that he suffered some "actual injury," because the named defendants deprived of him of his constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 349 (1996). See also Klinger v. Department of Corrections, 107 F.3d 609, 617 (8th Cir. 1997) ("[i]n Lewis v. Casey, the Supreme Court held, based on principles of standing, that actual injury must be proven in order to prevail on an access-to-courts claim"). Thus, an inmate cannot prosecute an access-to-the-courts claim unless he can show that the defendants

7

deprived of some specific opportunity to advance a "specific legal claim" in some particular court case. Kind v. Frank, 329 F.3d 979, 981 (8th Cir. 2003). To maintain an access-to-the-courts claim, an inmate must identify some specific injury that actually resulted from an allegedly lost opportunity to litigate effectively. Alleged injuries that are "merely speculative" are not sufficient. Hartsfield v. Nichols, 511 F.3d 826, 833 (8th Cir. 2008). Furthermore, a prisoner claiming "actual injury" resulting from an alleged denial of access to the courts, must show "'the hindrance of a nonfrivolous and arguably meritorious underlying legal claim.'" Id. at 832 (quoting White v. Kautzky, 494 F.3d 677, 680 (8th Cir. 2007).

In Christopher v. Harbury, 536 U.S. 403 (2002), the Supreme Court identified two distinct categories of access-to-the-courts claims – those involving the potential loss of a prospective claim, ("forward-looking" claims), and those involving a claim that has already been lost, ("backward-looking" claims). Id. at 413-14. The Court pointed out that in both types of cases, the constitutional right of access to the courts "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." Id. at 415. "It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." Id., (emphasis added). More specifically, "the predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." Id. at 416 (emphasis added).

When a plaintiff claims that he has been deprived of his constitutional right of access to the court, his "complaint should state the underlying claim in accordance with

8

Federal Rule of Civil Procedure 8(a),... just as if it were being independently pursued." Id. at 417 (footnote omitted). The Sixth Circuit Court of Appeals has explained that:

> Essentially, a claim for denial of access to the courts has unique pleading requirements: a plaintiff must plead a case within a case, alleging the law and facts sufficient to establish both the interference with his access to the courts, and the non-frivolous nature of the claim that was lost.

Brown v. Matauszak, 415 Fed.Appx. 608, 612-13 (6th Cir. 2011) (unpublished opinion).

Plaintiff's Complaint fails to state an actionable claim for denial of access to the courts, because it does not present any facts that could satisfy the Lewis v. Casey "actual injury" requirement. Plaintiff postulates that someone delayed the mailing of his pro se supplemental petition for review to his attorney, and if that submission had reached his attorney on time, the Minnesota Supreme Court would have vacated his prison sentence.[4] That proposition, however, is entirely speculative and conclusory; it is not supported by any factual allegations in the Complaint. Plaintiff has not identified any specific argument that he allegedly sought to present to the Minnesota Supreme Court in his pro se supplemental petition for review. Nor has plaintiff alleged that any such argument was not independently raised in the petition for review filed by his attorney. More significantly, the Complaint does not show that his pro se supplemental petition for review presented any non-frivolous grounds for relief, or any arguments that were "more than hope." See Christopher, 536 U.S. at 418 (plaintiff's complaint failed to state an actionable claim for denial of access to the courts where "[t[he District Court and the defendants were left to guess" about the

---

[4] It should be noted that only plaintiff's sentence – not his conviction – was at issue in Vann II. Plaintiff's conviction was upheld in his initial appeal, and the case was remanded only for re-sentencing. Thus, plaintiff's post-remand re-sentencing was the only matter before the appellate courts in plaintiff's second appeal.

nature of the claims that were "supposed to have been lost" as a result of defendants' alleged misdeeds).[5]

In sum, plaintiff's Complaint does not allege any facts showing that he suffered some specific actual injury, which is attributable to the alleged delay in mailing his pro se supplemental petition to his attorney. His claimed injury is purely speculative, because he has plead no facts showing that his pro se petition presented non-frivolous challenges to his current prison sentence. Therefore, even if defendants did prevent plaintiff's attorney from receiving his pro se petition, (which, as discussed above, plaintiff has not actually alleged), his Complaint still would not state an actionable claim for denial of access to the courts.

### C. Plaintiff's Access to the Courts Claim is Barred by Heck v. Humphrey

Finally, the Court finds that plaintiff's access-to-the-courts claim must be rejected, because it is effectively barred by Heck v. Humphrey, 512 U.S. 477 (1994). In that case,

---

[5] In Brown, the court concluded that the prisoner-plaintiff (Brown) had failed to plead an actionable claim for denial of access to the courts, because he had not adequately alleged that he had lost a potentially meritorious challenge to his state criminal conviction. The court held that --

> To substantiate his claim for denial of access to the courts, Brown needed to plead the underlying claim and facts to support it, so that the court could ensure that what was lost was a 'non-frivolous' claim.... [Footnote omitted.] Instead, his claim of actual prejudice is entirely conclusory because he failed to allege the exact nature of the claims he sought to present to the Michigan courts. In fact, in his actual complaint, Brown did not delineate what the underlying claims were at all. Therefore, his complaint failed to show that his underlying claims were non-frivolous, and he has not alleged an 'actual injury' to demonstrate standing.

Brown, 415 Fed.Appx. at 613 (emphasis added).

the Supreme Court held that the legality of a state criminal conviction and sentence cannot properly be reviewed in a federal civil rights action such as this one. Habeas corpus is the exclusive federal remedy available for a state prisoner seeking to overturn his conviction or sentence. Even if a prisoner-plaintiff is seeking only money damages, and does not specifically seek to overturn a conviction, his claims still must be dismissed if a judgment in his favor would cast doubt on the validity of his confinement. As explained by the Supreme Court:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid..., a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, <u>when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated</u>.

<u>Heck</u>, 512 U.S. at 486-87 (footnote omitted; emphasis added).

In this case, in order to satisfy the <u>Lewis v. Casey</u> actual injury requirement, plaintiff would have needed to allege a set of facts showing that defendants kept him from presenting some specific non-frivolous claim (that his attorney failed to raise) to the Minnesota Supreme Court. In other words, plaintiff was required to show that his sentence probably would have been vacated by the Minnesota Supreme Court, if defendants had not (allegedly) delayed the mailing of the <u>pro</u> <u>se</u> supplemental petition for review that he

11

tried to send to his attorney. However, if plaintiff were to show that defendants unconstitutionally prevented him from raising a legitimate challenge to his current prison sentence, then the validity of his sentence obviously would be in doubt. In short, a judgment in plaintiff's favor on his current access-to-the-courts claim would necessarily imply that his sentence is invalid. Therefore, plaintiff's access-to-the-courts claim must be barred by Heck.

Heck's effect on an access to the courts claim is well explained in Harrison v. Moketa/Motycka, 485 F.Supp.2d 652, 658 (D.S.C. 2007), aff'd, 235 Fed.Appx. 127 (4th Cir. 2007) (unpublished opinion):

> Plaintiff attempts to assert that his present 'wrongful' conviction is proof of his actual injury. Such an assertion is barred under the holding in Heck v. Humphrey,... [Citation omitted.] In Heck, the Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the conviction or sentence has previously been invalidated.... [Citation omitted.] In this case, Plaintiff's conviction has not been invalidated; accordingly, this court may not find that Plaintiff has been injured by a 'wrongful' conviction. To so find would imply the invalidity of Plaintiff's conviction and would thus violate the holding of Heck. Therefore, Plaintiff has not identified an actual injury from his alleged [denial of access to the courts].

Many other courts have likewise concluded that, because of Heck, a criminal conviction, (or in this case, an allegedly unlawful sentence), cannot satisfy the Lewis v. Casey actual injury requirement, unless the conviction (or sentence) has been previously invalidated. See e.g., Burd v. Sessler, 702 F.3d 429, 432-35 (7th Cir. 2012); Dennis v. Costello, No. 99-2069 (2nd Cir. 1999), 1999 WL 668120 (unpublished opinion) at *1; Turnpaugh v. Maciejewski, NO. CIV. 2:08-12842 (E.D.Mich. 2009), 2009 WL 416355 at *3;

Penilton v. Sacramento County, NO. CIVS-03-2559FCDKJMP (E.D.Cal. 2005), 2005 WL 1366490 at *2 (Report and Recommendation Adopted June 10, 2005, 2005 WL 1397376); Ray v. Hogg, NO. 05-73910 (E.D.Mich. 2007) 2007 WL 2713902 at *6; Karboau v. Purnington, NO. CIV. 03-261-MO (D.Or. 2004), 2004 WL 2075030 at *3, aff'd, 137 Fed.Appx. 18 (9th Cir. 2005) (unpublished opinion).

Here too, plaintiff's access-to-the-courts claim is barred by Heck. Plaintiff cannot prove this claim without proving an actual injury, and he cannot prove an actual injury without showing that his current sentence probably is invalid. Thus, a judgment in plaintiff's favor on his access to the courts claim would imply that his prison sentence is invalid. Because a judgment in plaintiff's favor on his access-to-the-courts claim would cast doubt on the validity of his current confinement, that claim is currently barred by Heck. For this additional reason, plaintiff has failed to present an actionable access-to-the-courts claim.

## III. CONCLUSION

For all three of the reasons discussed above, the Court concludes that plaintiff's Complaint fails to state a cause of action on which relief can be granted. The Court will therefore recommend that this case be summarily dismissed pursuant to 28 U.S.C. § 1915A(b). Because plaintiff has not pleaded an actionable claim, his application for leave to proceed IFP must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, plaintiff shall remain liable for the unpaid balance of the $350 statutory filing fee.[6] To date, plaintiff has paid only $39.50, so he still owes $310.50.

---

[6] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they

13

Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Lastly, because plaintiff has failed to plead an actionable claim for relief, the Court will recommend that the dismissal of this action be counted as a "strike" against him for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the sum of $310.50, in accordance with 28 U.S.C. § 1915(b)(2); and

---

still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

The statutory filing fee for new actions commenced in a federal district court is $350.00. 28 U.S.C. § 1914(a). On May 1, 2013, the district courts began to assess an additional $50.00 administrative fee, raising the total fee to $400.00. However, the Prison Litigation Reform Act applies only to the statutory filing fee. Thus, plaintiff will be required to pay the unpaid balance of the $350.00 statutory filing fee, (not the $400.00 total fee), in installments, pursuant to § 1915(b)(2).

4. The dismissal of this action be counted as a "strike" against plaintiff for purposes of 28 U.S.C. § 1915(g).

Dated: August 16, 2013

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 30, 2013**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.