**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Jerome Eugene Vann,<br><br>Plaintiff,<br><br>v.<br><br>Michele Smith, John Does, Mary Perez, Regina Stepney, Mary McCombs, Kim Ebeling, Terry Jean Carlson, and Tom Roy,<br><br>Defendants. | Case No. 13-cv-1316 (SRN/JSM)<br><br>**MEMORANDUM OPINION AND ORDER** |

Jerome Eugene Vann, Bayport, Minnesota, *pro se*.

---

SUSAN RICHARD NELSON, United States District Judge

## I. INTRODUCTION

This matter is before the Court for consideration of Plaintiff's Objections [Doc. No. 6] to United States Magistrate Judge Janie S. Mayeron's August 16, 2013, Report and Recommendation ("R&R") [Doc. No. 5]. The Magistrate Judge recommended that: (1) Plaintiff's application for leave to proceed *in forma pauperis* be denied; (2) this action be summarily dismissed under 28 U.S.C § 1915A(b); (3) Plaintiff be required to pay the unpaid balance of the Court filing fee ($310.50); and (4) the dismissal of this action be counted as a "strike" against plaintiff under 28 U.S.C. § 1915(g). (Aug. 16, 2013, Report and Recommendation at 14-15 [Doc. No. 5].) For the reasons that follow, the Court overrules Plaintiff's Objections and adopts the R&R in its entirety.

## II. BACKGROUND

As the Magistrate Judge's R&R documents the factual and procedural background of this case, the Court incorporates it by reference. Plaintiff is an inmate at the Minnesota Correctional Facility in Stillwater, Minnesota ("MCF-STW"). He is serving a 180-month prison sentence imposed by Ramsey County District Court, after a jury found him guilty of criminal sexual conduct for sexually assaulting his adult daughter. State v. Vann, No. A08-1000, 2009 WL 2431978 (Minn. Ct. App. Aug. 11, 2009). Plaintiff's conviction was affirmed on direct appeal, but the Minnesota Court of Appeals remanded the case for re-sentencing. On remand, the trial court imposed the same 180-month sentence. Plaintiff filed a second appeal, and the Minnesota Court of Appeals affirmed the new sentence. State v. Vann, No. A09-1964, 2010 WL 3306898 (Minn. Ct. App. Aug. 24, 2010) ("Vann II"). Plaintiff's attorney filed a petition for further review, which the Minnesota Supreme Court denied on November 16, 2010.

Plaintiff's Complaint alleges that after the Minnesota Court of Appeals affirmed his new sentence in Vann II, he tried to file a *pro se* supplemental petition for review in the Minnesota Supreme Court. Plaintiff purportedly gave his supplemental petition to someone affiliated with the prisoner mail system at MCF-STW, where plaintiff was confined when Vann II was decided. Plaintiff purportedly tried to send his supplemental petition to his appellate counsel in early September 2010 and assumed that the attorney filed it with the Minnesota Supreme Court.

In June 2011, Plaintiff allegedly received notice that he was being charged $1.22 for sending a piece of mail to his attorney. This notice caused Plaintiff to believe that his

supplemental petition for review had only recently been sent to his attorney. Plaintiff then pursued a series of administrative grievances, accusing unnamed prison officials of not mailing his supplemental petition to his attorney promptly.

Plaintiff is now attempting to sue seven employees of the Minnesota Department of Corrections ("MNDOC"): (1) Michele Smith, the Warden at MCF-STW; (2) Mary McCombs, an associate warden; (3) Mary Perez, a mailroom supervisor; (4) Regina Stepney, a program director; (5) Kim Eberling, a grievance coordinator; (6) Jean Terry Carlson, an "appeal response person"; (7) Tom Roy, the Commissioner of Corrections. (Compl. at 4-5 [Doc. No. 1].) These defendants allegedly deprived Plaintiff of his constitutional right of access to the courts. Plaintiff claims that he "suffered actual injury" because his supplemental petition for review was not timely mailed to his attorney, and thus he did not have his "case heard" by the Minnesota Supreme Court. (Id. at 7.) Plaintiff seeks a judgment against Defendants for $500,000. (Id. at 11.) He also seeks a judgment that would "fire the staff responsible for this unlawful act" and Michele Smith. (Id.)

On August 16, 2013, the Magistrate Judge concluded that Plaintiff's Complaint fails to state a cause of action on which relief can be granted, and therefore recommended that the case be summarily dismissed under 28 U.S.C. § 1915A(b). (Aug. 16, 2013, Report and Recommendation at 13 [Doc. No. 5].) The Magistrate Judge also recommended that Plaintiff's application for leave to proceed *in forma pauperis* be denied, and that Plaintiff shall remain liable for the unpaid balance of the $350 statutory filing fee. (Id.) The Magistrate Judge further recommended that the dismissal of this

action be counted as a "strike" against Plaintiff under 28 U.S.C. § 1915(g).

On August 30, 2013, Plaintiff objected to the Magistrate Judge's Report and Recommendation. (Pet'r's Written Objection to the Report and Recommendation [Doc. No. 6].) Plaintiff argues that the Magistrate Judge misunderstood the timeline of events and the "true harm entailed." (Id. at 1.) In his objections, Petitioner sets forth "the correct set of events," which appears to clarify and elaborate on the Complaint's allegations. (Id. at 1-2, 4-6.) Plaintiff also seeks additional relief, including: (1) "fair and just compensation for the loss of life, liberty, and the shown denial of my due process rights to the access to the courts"; (2) that the "DOC policy" be changed to "accurately log all outgoing legal mail"; (3) to subject the "responsible parties" to reprimand and fine for "interfe[sic]ring with U.S. Mail"; and (4) allowing Plaintiff "to show how his civil rights were violated with a triple upward-departure." (Id. at 3-4.)

## III. DISCUSSION

### A. Standard of Review

A party "may file and serve specific written objections to a magistrate judge's proposed findings and recommendations." D.Minn. LR 72.2(b)(1). The district court will review *de novo* those portions of the R&R to which an objection is made, and it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3); D.Minn. LR 72.2(b)(3). Ordinarily, the district judge relies on the record of proceedings before the magistrate judge. D.Minn. LR 72.2(b)(3).

When a prisoner seeks redress from a governmental entity or a government employee, his pleading is subject to a preliminary screening under 28 U.S.C. § 1915A. The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. 28 U.S.C. § 1915A(b). If the pleading fails to state a legally cognizable claim, the Court must dismiss the action. (Id.)

To state an actionable claim for relief, a plaintiff must allege a set of specific facts, which, if proven true, would entitle him to some redress against the named defendants under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

**B. Objections**

Plaintiff argues that the Magistrate Judge misunderstood the timeline of events and the "true harm entailed," and he clarifies and elaborates on the Complaint's allegations in his Objections. (Pet'r's Written Objection to the Report and Recommendation at 1, 2, 4-

6 [Doc. No. 6].) Having reviewed the Complaint, the Magistrate Judge's R&R, and Plaintiff's Objections to the R&R, the Court respectfully disagrees with Plaintiff. The Complaint remains the operative pleading.[1] As it currently stands, the Complaint does not allege that any of the seven named defendants did anything to deprive Plaintiff of his constitutional right of access to the courts. The Magistrate Judge properly observed that:

> There are no allegations suggesting that plaintiff ever gave any correspondence to any of the named defendants, or asked any of them to mail anything for him. Indeed, there are no allegations suggesting that any of the defendants even knew that plaintiff attempted to correspond with his attorney. Furthermore, there are no allegations suggesting that any named defendant established any policy, or implemented any practice, that prevented plaintiff from corresponding with his attorney. Instead, plaintiff alleges only that defendants did not properly respond to his after-the-fact

---

[1] To the extent that Plaintiff may be attempting to amend his Complaint through his Objections, such amendment is improper under Rule 15 of the Federal Rules of Civil Procedure. Rule 15 provides:

> (1) ***Amending as a Matter of Course.*** A party may amend its pleading once as a matter of course within:
>
> > (A) 21 days after serving it, or
> >
> > (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) ***Other Amendments.*** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

FED. R. CIV. P. 15. On June 3, 2013, Plaintiff filed his Complaint. (Compl. [Doc. No. 1].) Plaintiff had until June 24, 2012, to amend the Complaint once as a matter of course, which he did not do. See FED. R. CIV. P. 15(1)(a). Any other amendment was available only under subsection (2) of Rule 15, which required the opposing party's written consent or the court's leave—neither of which Plaintiff sought or obtained. Accordingly, the Court declines to view Plaintiff's narrative in his Objections as an amended or supplemental pleading.

grievances about the alleged correspondence at issue.

(Aug. 16, 2013, Report and Recommendation at 6 [Doc. No. 5].) The Magistrate Judge also properly recognized that even if Defendants failed to explain adequately what happened to Plaintiff's mail, the Complaint nonetheless would fail to state an actionable § 1983 claim because prison officials are not constitutionally required to provide any response to prisoner grievances. (Id. at 7 (citing Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993)). Because Plaintiff's Complaint does not clearly allege facts to support his claims against Defendants, the Court finds that Plaintiff has not pled an actionable § 1983 claim against Defendants.

Even if the Court were to accept the supplemental narrative in Plaintiff's Objections as true, Plaintiff still has not stated an actionable § 1983 claim against Defendants. Plaintiff's latest allegations against defendants Mary Perez, Regina Stepney, Mary McComb, Michele Smith, Terry Carlson, and Tom Roy, do not suggest that any defendant knew of Plaintiff's efforts to correspond with his attorney in September 2010. Nor do they suggest that any defendant prevented Plaintiff from communicating with his attorney. Plaintiff's latest narrative continues to focus on Defendants' alleged failure to explain what happened to his mail, which is insufficient to state a § 1983 claim.

Plaintiff does not object to the remainder of the R&R. Having conducted a *de novo* review, the Court finds that the Magistrate Judge also thoroughly considered whether Plaintiff suffered some "actual injury," and whether Heck v. Humphrey, 512 U.S. 477 (1994), bars Plaintiff's access-to-the-courts claim. The Court therefore agrees with the Magistrate Judge's recommendation to dismiss this action for failure to state a

cause of action on which relief can be granted.

## IV. ORDER

The Court **OVERRULES** Plaintiff's Objections [Doc. No. 6] and **ADOPTS** the Magistrate Judge's August 16, 2013, Report and Recommendation [Doc. No. 5].

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's application for leave to proceed *in forma pauperis* [Doc. No. 2] is **DENIED**;

2. This action is summarily **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(1);

3. Plaintiff is required to pay the unpaid balance of the Court filing fee, namely the sum of $310.50, in accordance with 28 U.S.C. § 1915(b)(2); and

4. The dismissal of this action is counted as a "strike" against Plaintiff under 28 U.S.C. § 1915(g).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 18, 2013

s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Court Judge